UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LESLIE BONRUD,<br><br>     Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>     Defendant. | Civ. No. 5:25-cv-5032<br><br>**COMPLAINT** |

Plaintiff Leslie Bonrud, by and through his attorneys, and for his Complaint against the above-named Defendant, states as follows:

## PARTIES

1. Plaintiff is a resident of the City of Black Hawk, County of Meade, State of South Dakota.

2. Defendant Zurich American Insurance Company is a corporation which conducts business in South Dakota, with its principal place of business located in another state.

## JURISDICTION

3. The amount in controversy exceeds $75,000.

4. Jurisdiction is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## STATEMENT OF FACTS

5. On July 17, 2024, Leslie Bonrud ("Plaintiff") was working as a parts driver for Billion Kia Auto in Rapid City, South Dakota.

6. Plaintiff was driving a Ford transit van which was owned by Billion Holdings, Inc., and insured by Zurich American Insurance Company.

7. Plaintiff was on his way to deliver parts in Sturgis, South Dakota.

8. While near the Sturgis exit, Plaintiff was rear-ended by Steven Nicholas Frost who at the time was being pursued by law enforcement during a high-speed chase.

9. As a result of the crash, Plaintiff was injured and damaged and has suffered and will continue to suffer in the future, physical and mental anguish, and has incurred medical expenses, wage loss and loss of earning capacity, both in the past and in the future, all to Plaintiff's general and special damages.

10. Mr. Frost was clearly at fault in causing the rear-end collision in which Plaintiff was injured.

11. The vehicle that Mr. Frost was driving was uninsured.

12. At the time of the crash, the vehicle Plaintiff was driving was registered to Billion Motors and insured by Defendant.

13. As such, Defendant is responsible for any damages in regard to this crash.

14. Plaintiff's attorney has attempted to seek insurance information from Defendant, however, Defendant has failed to provide any such information.

### FIRST CAUSE OF ACTION
### UNINSURED MOTORIST CLAIM AS TO
### DEFENDANT INSURANCE COMPANY

15. Plaintiff reincorporates by reference the foregoing paragraphs.

16. On or about July 17, 2024, Billion Kia Auto was insured with Defendant insurance company, under the provisions of an automobile insurance policy issued by Defendant that was then in effect in accordance with the provisions of South Dakota law, and for which applicable premiums were paid.

17. Upon information and belief, Steven Frost was an uninsured motorist, as defined by the terms of the subject policy of insurance with Defendant insurance company.

18. Upon information and belief, under the terms and conditions of the automobile uninsured insurance policy, Defendant insurance company, became obligated to pay uninsured motorist coverage to or on behalf of Plaintiff, if Plaintiff sustained injuries in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle, and the responsible tortfeasor was uninsured.

19. Defendant has wrongfully denied and/or failed to pay uninsured motorist benefits to the Plaintiff.

### SECOND CAUSE OF ACTION (AGAINST DEFENDANT/INSURER) BAD-FAITH DENIAL OF CLAIM

20. Plaintiff reincorporates by reference the foregoing paragraphs.

21. Defendant as Insurer owed Plaintiff a duty of good faith and fair dealing implied from its policy of insurance.

22. Defendant as Insurer, acting without a reasonable basis, has denied uninsured motorist benefits under its policy of insurance that are due to Plaintiff.

23. Defendant's actions, as Insurer, constitute a breach of its duties to Plaintiff in that it failed to act fairly and reasonably toward Plaintiff and demonstrated a significant disregard of Plaintiff's rights and economic interests.

24. Defendant as Insurer had no reasonable basis for denying Plaintiff uninsured benefits under the policy of insurance and had knowledge of, or a reckless disregard of, the lack of a reasonable basis for denying benefits.

25. Defendant's denial as Insurer was intentional and attended by circumstances of oppression, fraud, and malice and was a breach of Defendant/Insurer's duty of good faith and fair dealing toward Plaintiff.

26. Defendant's breach of its duty of good faith and fair dealing as Insurer has caused and will cause Plaintiff to incur attorney's fees in the prosecution of this action.

27. As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing as Insurer, Plaintiff has suffered and will continue to suffer economic damage and resulting emotional distress.

### THIRD CAUSE OF ACTION (AGAINST DEFENDANT/INSURER) VIOLATION OF STATE UNFAIR TRADE PRACTICES ACT

28. Plaintiff reincorporates by reference the foregoing paragraphs.

29. By refusing to pay uninsured motorist benefits to Plaintiff as required by the policy of insurance, Defendant as Insurer has violated the provisions of the Unfair Trade Practices Act.

30. Because Defendant as Insurer acted knowingly and willfully in violation of the Unfair Trade Practices Act, Plaintiff is entitled to punitive damages from Defendant as Insurer.

### FOURTH CAUSE OF ACTION (AGAINST DEFENDANT/INSURER) PUNITIVE DAMAGES

31. Plaintiff reincorporates by reference the foregoing paragraphs.

32. Defendant acted with oppression, fraud, express and implied malice, and a reckless disregard for the interests and rights of Plaintiff by refusing to provide compensation benefits owed to Plaintiff, entitling Plaintiff to an award of punitive damages pursuant to SDCL 21-3-2.

33. Upon information and belief, Defendant engaged in a pattern and practice of acting in bad faith.

### FIFTH CAUSE OF ACTION (AGAINST DEFENDANT/INSURER) ATTORNEY'S FEES

34. Plaintiff reincorporates by reference the foregoing paragraphs.

35. The denial of payment of benefits owed pursuant to Plaintiff's uninsured motorist claim was made vexatiously and without reasonable cause, entitling Plaintiff to an award of attorney's fees incurred in an effort to secure Defendants' compliance as Insurer with the terms of the policy of insurance, pursuant to SDCL 58-12-3.

WHEREFORE, Plaintiff prays for judgment against the Defendant as Insurer for all general and special damages suffered by Plaintiff, in an amount to be determined by the jury, together with Plaintiff's costs and disbursements herein, and for such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to the provisions of Federal Rule of Civil Procedure 38, Plaintiff Leslie Bonrud hereby demands a trial by jury of any issue triable of right by jury.

Dated the 9th day of April, 2025.

                BEARDSLEY, JENSEN & LEE,
                Prof. L.L.C.

                By: _____
                Brad J. Lee
                4200 Beach Drive, Suite 3
                P.O. Box 9579
                Rapid City, SD 57709
                Telephone: (605) 721-2800
                Facsimile: (605) 721-2801
                E-mail: *blee@blackhillslaw.com*
                    *Attorneys for Plaintiff*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LESLIE BONRUD

**DEFENDANTS**
ZURICH AMERICAN INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff: Meade Co.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Brad J. Lee, Beardsley, Jensen & Lee, Prof. LLC, PO Box 9579 Rapid City, SD 57709; Phone (605) 721-2800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | INTELLECTUAL PROPERTY RIGHTS | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | LABOR | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | SOCIAL SECURITY | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Breach of contract and bad faith

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Unspecified compensatory, punitive damages & attorney's fees

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:

JUDGE ___   DOCKET NUMBER ___

DATE: 4.9.2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature: Brad J. Lee]*

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___